IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK12-80348-TLS |
| | ) | |
| HEARTHSTONE HOMES, INC., | ) | CH. 11 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on February 19, 2013, on a motion for distribution of sales proceeds filed by creditor Wells Fargo Bank, N.A. (Fil. #584), with objections filed by creditors Hiller Electric Company (Fil. #589) and Nelson Builders Inc. (Fil. #597). David Skalka and Robert Gonderinger appeared for Wells Fargo Bank N.A. ("Wells Fargo"), John Stalnaker appeared for Hiller Electric Company ("Hiller Electric"), and Fred Stehlik appeared for the Committee of Unsecured Creditors. Evidence was received and the matter was taken under advisement. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(K).

Wells Fargo filed this motion seeking an order of this court authorizing the distribution of certain funds currently held in escrow. Hiller Electric objected, asserting various theories as to why the construction lien claimants should have priority over Wells Fargo's deed of trust lien.[1] Alternatively, Hiller Electric argues that Wells Fargo should only have a prior lien for the amount of its "release price" for the subject lot. For the reasons set forth below, the motion is granted.

### *Background*

The operative facts are undisputed:

1.   Hearthstone Homes, Inc. ("Hearthstone") filed its petition for relief under Chapter 11 of the United States Bankruptcy Code on February 24, 2012.

2.   On the date of bankruptcy filing, Hearthstone was indebted to Wells Fargo pursuant to the terms of a December 10, 2010, promissory note in the amount of $17,500,000.00. The note was secured by a perfected security interest in, among other things, various real estate lots and the improvements thereon. Wells Fargo's security interest included a modification to a deed of trust recorded against the real estate and improvements located at 6468 Elmhurst Drive, Omaha, Nebraska ("Property"), on February 2, 2010. As of the date of bankruptcy filing, the principal balance remaining due to Wells Fargo exceeded $17,000,000.00.

---

[1] Nelson Builders Inc. also filed a pro-se objection, but did not provide any detail and did not appear at the hearing.

3. On January 6, 2012, Hearthstone recorded a notice of commencement pursuant to the Nebraska Construction Lien Act against the Property.

4. On January 27, 2012, Hiller Electric recorded a notice of construction lien against the Property for work it claimed to have performed on improvements on the Property. For purposes of this motion, Wells Fargo concedes that Hiller Electric's construction lien notice is proper and that the notice was filed within 120 days of the last substantive work performed as required by statute. Several other construction liens were also filed against the Property, all but one of which were filed subsequent to the notice of commencement.[2]

5. Since the date of bankruptcy filing, Wells Fargo has received less than $6,000,000.00 from the sale of its collateral. Any remaining collateral is insufficient to pay in full the indebtedness due to Wells Fargo.

6. On March 6, 2012, Hearthstone filed a motion to sell three houses free and clear of liens, one of which was the Property. The motion requested that liens attach to the proceeds of the sale in the same priority as they attached to the real estate. No objections were filed, and on March 13, 2012, this court entered its Orders (Fil. #69 and #71) granting the sale motion and requiring that the net proceeds of the sale be held in escrow pending further order of the court, with liens attaching to the proceeds in the same priority as they existed against the real estate.

7. Subsequently, the sale closed and the net proceeds of $157,983.00 are being held in escrow. The motion requests distribution of all such funds to Wells Fargo.

*Discussion*

Hiller Electric claims a lien pursuant to the Nebraska Construction Lien Act, Neb. Rev. Stat. § 52-125, *et seq.*, and Wells Fargo concedes that Hiller Electric's lien was properly filed pursuant to that Act. Hiller Electric asserts that Wells Fargo's lien should be junior to the construction lien claimants because the filing of the notice of commencement should be void under the Nebraska Fraudulent Transfer Act; that Wells Fargo should only be entitled to a predetermined lot release price; that Wells Fargo was aware that Hearthstone was encouraging subcontractors to delay filing construction liens; that Wells Fargo by its actions waived any claim to priority over the construction liens; and that Wells Fargo would be unjustly enriched if its liens are determined to have priority.

This court has previously faced these same issues raised by Hiller Electric in an adversary proceeding entitled *Hiller Electric Company v. Wells Fargo Bank, et al.*, Case No. AP12-8079. In

---

[2]According to Wells Fargo's motion, Arid Resources, Inc. filed a construction lien on December 29, 2011, which was prior to the date of the notice of commencement. However, Wells Fargo asserted that visible commencement of improvements on the subject Property commenced after the February 2, 2010, recording date of Wells Fargo's deed of trust and Arid Resources did not object to the pending motion.

fact, at paragraph 6 of its resistance to the pending motion, Hiller Electric acknowledges that the issues set out in its objection are the same issues presented to the court in the adversary proceeding. On February 13, 2013, this court entered its Order granting summary judgment in the adversary proceeding in favor of Wells Fargo and finding that Wells Fargo's deeds of trust as to certain parcels of real property (and, therefore, in the proceeds of the sale of that property) were senior and prior to the liens claimed by Hiller Electric and other construction lien claimants. Rather than completely restate the analysis contained therein, the court hereby incorporates its Order filed February 13, 2013, in Case No. AP12-8079 (Fil. #45).

The only new or different issue with respect to the pending motion is that the sale in the adversary proceeding was conducted months into the bankruptcy case by the Chapter 11 trustee. Here, the proceeds at issue were the result of a motion to sell that was filed by Hearthstone a mere ten days after bankruptcy filing and was the second motion to sell overall. The first motion to sell was filed three days after bankruptcy filing, proceeded on an expedited basis that resulted in an order granting the motion to sell subject to the proceeds being held in escrow with the liens to attach to the proceeds in the same priority as against the real estate. Promptly after closing of the sale, Wells Fargo entered into a stipulation that authorized disbursement of sale proceeds to construction lien claimants after payment to Wells Fargo of what appears to be a release price. Days later a second motion to sell was filed, which included the subject Property. That motion specifically requested that the liens attach to the proceeds in their same priority as against the real estate. There were no objections to the motion, and the sale was completed. The proceeds remain in escrow pending the results of this motion to distribute.

Hiller Electric believes that Wells Fargo should be bound to the same terms as it agreed to accept with respect to the first sale motion. However, as explained in the Order in the adversary proceeding, it was quite clear at the time that Wells Fargo stipulated only with respect to the property involved in the first sale motion and did not engage in a general waiver of priority with respect to all properties. That stipulation was a post-petition agreement and was well after the notice of commencement was filed by Hearthstone and the construction lien notices were filed by Hiller Electric. It is not possible for Hiller Electric to have detrimentally relied upon the stipulation or to have been damaged thereby. *Farmington Woods Homeowners' Ass'n, Inc. v. Wolf*, 817 N.W.2d 758, 766 (Neb. 2012) (stating the elements of equitable estoppel: lack of knowledge of the facts, good faith reliance, and change in position causing injury or prejudice). There is nothing in the record to support a theory that Wells Fargo has generally waived any right to priority and, in fact, the record is quite to the contrary. Further, Hiller Electric fails to identify any facts or law to support its position.

Since the motion to sell was quite clear that liens would attach to the sale proceeds in the same order of priority as the liens attached to the real estate, and since this court has previously determined that Wells Fargo's deed of trust liens are prior and superior to Hiller Electric's construction lien claims, Wells Fargo's motion must be granted.

      IT IS, THEREFORE, ORDERED that Wells Fargo's motion for distribution of sales proceeds (Fil. #584) is granted. The remaining proceeds from the sale of 6468 Elmhurst Drive, Omaha, Nebraska, currently held in escrow, less any amounts held for the benefit of the homeowner, shall be distributed to Wells Fargo.

      DATE: February 28, 2013.

      BY THE COURT:

      /s/ Thomas L. Saladino
      Chief Judge

Notice given by the Court to:
    Robert F. Craig/Anna M. Bednar
    Frederick Stehlik
    *David Skalka/Robert Gonderinger
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.