IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE: | ) | Case No. BK 12-80348 |
| | ) | |
| HEARTHSTONE HOMES, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| C. RANDEL LEWIS, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| NEW LEAF INVESTMENTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, C. Randel Lewis, Chapter 7 Trustee (the "Plaintiff") in the above-captioned bankruptcy case of Hearthstone Homes, Inc. ("Hearthstone"), and for his Complaint against the Defendant, New Leaf Investments, LLC (the "Defendant"), hereby states and alleges as follows:

## GENERAL BACKGROUND & PARTIES

1. On February 24, 2012, (the "Petition Date") Hearthstone filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. On March 21, 2012, the Court entered an order appointing the Plaintiff as Chapter 11 Trustee of Hearthstone.

3. On April 30, 2013, the above-captioned bankruptcy case was converted from a Chapter 11 proceeding to a Chapter 7 proceeding, with the Trustee serving as Chapter 7 Trustee.

4. The Defendant is a limited liability company organized and existing under the laws of the State of Nebraska.

1

## JURISDICTION AND VENUE

5. This Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

7. This adversary proceeding is a proceeding to avoid and recover fraudulent transfers under 11 U.S.C. §§ 544, 548 and 550 and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

## THE TRANSFERS

8. Prior to the Petition Date, Hearthstone engaged in the residential construction business in and around Omaha, Nebraska.

9. On or about December 7, 2011, the Defendant was formed as a limited liability company by W. Allen Grimes.

10. On December 21, 2011 and December 23, 2011, approximately two months before the Petition Date, Hearthstone transferred ten individual homes (the "Transferred Properties") to the Defendant for the total sum of $1,192,002 (the "Transfers"). Shortly thereafter, the Defendant resold the Transferred Properties to third party purchasers for the total sum of $1,432,200, resulting in a profit of $240,198 made by the Defendant. Specifically, the following transfers occurred:

(i) Hearthstone transferred the home at 7375 N. 89th Ave., Omaha, NE to the Defendant for consideration of $134,543 on December 21, 2011, who subsequently resold the property on February 6, 2012 for $161,200, resulting in a profit of $26,657 made 47 days after the Transfer;

(ii) Hearthstone transferred the home at 6464 Elm Hurst Drive, Omaha, NE to the Defendant for consideration of $135,989 on December 23, 2011, who subsequently resold the property on March 2, 2012 for $163,000, resulting in a profit of $27,011 made 70 days after the Transfer;

(iii) Hearthstone transferred the home at 1202 N. 206th St., Omaha, NE to the Defendant for consideration of $139,488 on December 21, 2011, who subsequently resold the property on March 19, 2012 for $162,000, resulting in a profit of $22,552 made 89 days after the Transfer;

(iv) Hearthstone transferred the home at 19623 Gail Ave., Omaha, NE to the Defendant for consideration of $110,666 on December 23, 2011, who subsequently resold the property on March 16, 2012 for $137,000, resulting in a profit of $26,334 made 84 days after the Transfer;

(v) Hearthstone transferred the home at 9147 Scott St., Omaha, NE to the Defendant for consideration of $91,044 on December 23, 2011, who subsequently resold the property on February 9, 2012 for $112,000, resulting in a profit of $20,956 made 48 days after the Transfer;

(vi) Hearthstone transferred the home at 7425 N. 89th Ave., Omaha, NE to the Defendant for consideration of $119,925 on December 21, 2011, who subsequently resold the property on May 4, 2012 for $139,000, resulting in a profit of $19,075 made 135 days after the Transfer;

(vii) Hearthstone transferred the home at 9155 Scott St., Omaha, NE to the Defendant for consideration of $96,044 on December 23, 2011, who subsequently resold the property on February 17, 2012 for $120,000, resulting in a profit of $23,956 made 56 days after the Transfer;

(viii) Hearthstone transferred the home at 10702 S. 110th Ave., Papillion, NE to the Defendant for consideration of $135,552 on December 21, 2011, who subsequently resold the property on March 2, 2012 for $162,000, resulting in a profit of $26,448 made 72 days after the Transfer;

(ix) Hearthstone transferred the home at 15903 Fillmore Cir., Bennington, NE to the Defendant for consideration of $129,528 on December 23, 2011, who subsequently

resold the property on March 16, 2012 for $153,000, resulting in a profit of $23,472 made 84 days after the Transfer; and

(x)  Hearthstone transferred the home at 9156 Scott St., Omaha, NE to the Defendant for consideration of $99,263 on December 23, 2011, who subsequently resold the property on February 15, 2012 for $123,000, resulting in a profit of $23,737 made 54 days after the Transfer.

11.  At the time of each of the Transfers, W. Allen Grimes held positions with both Hearthstone and the Defendant.  Specifically, W. Allen Grimes was Chief Process Officer and Secretary of Hearthstone and Managing Member of the Defendant at the time of each Transfer.

12.  The transactions summarized in Paragraph 10 of this Complaint reveal that the Transferred Properties were transferred to the Defendant for an amount equal to 83% of the Transferred Properties' true value.

### FIRST CLAIM FOR RELIEF
(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 548(a)(1)(B))

13.  The Plaintiff incorporates the allegations set forth in paragraphs 1 through 12 above as if fully set forth herein.

14.  The Transfers were made within two years before the Petition Date.

15.  Hearthstone received less than a reasonably equivalent value in exchange for the Transfers.

16.  The Transfers were made while Hearthstone was insolvent.

17.  The Trustee is entitled to avoid each of the individual Transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

### SECOND CLAIM FOR RELIEF
(Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. § 544(b) and
Nebraska's Uniform Fraudulent Transfer Act)

18.  The Plaintiff incorporates the allegations set forth in paragraphs 1 through 17 above as if fully set forth herein.

19. The Transfers were made within four years before the date of the filing of this adversary proceeding.

20. Hearthstone received less than a reasonably equivalent value in exchange for the Transfers.

21. The Transfers were made while Hearthstone was insolvent.

22. A creditor of Hearthstone would be entitled to avoid each of the individual Transfers pursuant to Neb. Rev. Stat. § 36-706(a), and therefore the Trustee may avoid the Transfers pursuant to 11 U.S.C. § 544(b).

### THIRD CLAIM FOR RELIEF
(Recovery of Transfers Pursuant to 11 U.S.C. § 550)

23. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 22 above as if fully set forth herein.

24. The Defendant was the initial transferee of the Transfers.

25. The Trustee is entitled to recover the value of the Transfers from the Defendant pursuant to 11 U.S.C. § 550(a).

WHEREFORE, the Trustee prays that the Transfers be avoided pursuant to 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and that judgment be entered in favor of the Plaintiff and against the Defendant in the amount of $240,198, the value of the Transfers, pursuant to 11 U.S.C. § 550(a), and for such other relief as the Court deems just and equitable.

DATED this 23rd day of May, 2013.

          **C. RANDEL LEWIS, Chapter 7 Trustee,**

          By: /s/ *Robert P. Diederich*
            Robert J. Bothe, #15018
            Robert P. Diederich, #23393
            Lauren R. Goodman, #24645
            McGrath North Mullin & Kratz, PC LLO
            Suite 3700, First National Tower
            1601 Dodge Street
            Omaha, Nebraska 68102-1627

Telephone: 402-341-3070
rbothe@mcgrathnorth.com
rdiederich@mcgrathnorth.com
lgoodman@mcgrathnorth.com